UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNION STEEL, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) Court No. 09-00130 |
| Defendant, | ) |
| and | ) |
| UNITED STATES STEEL CORP. and NUCOR CORPORATION, | ) |
| Defendant-Intervenors. | ) |

## **ORDER**

Upon consideration of the motion for temporary restraining order and preliminary injunction filed by Whirlpool Corporation, defendant's opposition, and all other pertinent papers, it is hereby

ORDERED that the motion for temporary restraining order and preliminary injunction is denied.

Dated: _____, 2009            _____
     New York, NY                                                                     JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNION STEEL, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) Court No. 09-00130 |
| Defendant, | ) |
| and | ) |
| UNITED STATES STEEL CORP., and NUCOR CORPORATION, | ) |
| Defendant-Intervenors. | ) |

**DEFENDANT'S OPPOSITION TO WHIRLPOOL CORPORATION'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant, the United States, respectfully submits this opposition to the motion for a temporary restraining order and preliminary injunction filed by proposed plaintiff-intervenor Whirlpool Corporation ("Whirlpool"). Because Whirlpool was not a party to the proceeding that is the subject of this action as defined by 19 C.F.R. § 351.102(b)(36), it lacks standing to intervene for purposes of obtaining an injunction to enjoin liquidation of its entries of subject merchandise. Moreover, as an intervenor, Whirlpool may not expand the issues in this case beyond the complaint filed by Union Steel by requesting that its entries, which were not the subject of Union Steel's complaint, be enjoined. For these reasons, Whirlpool's motion should be denied.

**BACKGROUND**

Although Whirlpool requested a review of subject merchandise it imported during the period of review, Whirlpool's involvement in the proceeding was limited to making that request and applying for access to business proprietary information under an administrative protective order ("APO"). Whirlpool did not submit any factual information or written argument to the Department of Commerce ("Commerce") during the course of the underlying proceeding. Several of the parties, including plaintiff, Union Steel, a manufacturer of corrosion-resistant carbon steel flat products in Korea, participated in the proceeding before Commerce.

Union Steel then initiated this action by filing a timely summons and complaint on March 24, 2009 challenging <u>Certain Corrosion-Resistant Carbon Steel Flat Products from the Republic of Korea: Notice of Final Results of the Fourteenth Administrative Review and Partial Rescission</u>, 74 Fed. Reg. 11,082 (Dep't of Commerce Mar. 16, 2009) ("<u>Final Results</u>"), pursuant to 28 U.S.C. § 1581(c). On March 25, 2009, the Court issued a preliminary injunction order enjoining the liquidation of entries manufactured or exported by Union Steel.

On April 15, 2009, Whirlpool filed a partial consent motion to intervene as of right in this matter. We have filed an opposition to this motion. At the same time, Whirlpool sought to enjoin the liquidation of entries of subject merchandise imported by Whirlpool and exported by LG Chem, Ltd. ("LG Chem") during the period of review. <u>See</u> Mot. at 1 and proposed orders. Whirlpool also filed a timely summons on April 15, 2009, initiating its own challenge to the <u>Final Results</u>. <u>See</u> <u>Whirlpool Corp. v. United States</u>, Case No. 09-00154. However, Whirlpool has not filed a complaint.

## ARGUMENT

I. **Whirlpool Lacks Standing To Obtain Injunctive Relief And Failed To Exhaust Its Administrative Remedies**

For the reasons set forth in our opposition to Whirlpool's motion to intervene, Whirlpool lacks standing to intervene as of right in this action because it was not a "party to the proceeding." Briefly, Whirlpool did not submit any data or written argument to Commerce that conveyed notice of Whirlpool's substantive concerns. Instead, Whirlpool's involvement in the underlying proceeding was limited to the procedural steps of requesting an administrative review of subject merchandise it imported during the period of review and applying for access to business proprietary information under an APO. These procedural filings are insufficient to qualify Whirlpool as a "party to the proceeding" for purposes of intervention as required by 28 U.S.C. § 2631(j)(1)(B), and as defined by 19 C.F.R. § 351.102(b)(36). See Dofasco Inc. v. United States, 519 F. Supp. 2d 1284, 1288-89 (Ct. Int'l Trade 2007). Because Whirlpool lacks standing to challenge the Final Results, this Court lacks jurisdiction over its claims, Whirlpool cannot demonstrate any likelihood of success upon the merits, and its motion should be denied. See U.S. Ass'n of Importers of Textiles and Apparel v. Dept. of Commerce, 413 F.3d 1344, 1348 (Fed. Cir. 2005) (holding that "the government's arguments as to jurisdiction demonstrate that the Association is not likely to succeed in this litigation.").

Moreover, as explained in our opposition to Whirlpool's motion to intervene, Whirlpool has not exhausted its administrative remedies. Other than requesting a review of subject merchandise it imported during the period of review and applying for access to business proprietary information, Whirlpool did not submit any factual information or written argument to

Commerce. Accordingly, granting Whirlpool's motion to intervene would be futile in this case, and its motion for a preliminary injunction should be denied. See 19 C.F.R. § 351.309(c)(2).

**II.      As An Intervenor, Whirlpool May Not Expand The Complaint**

Whirlpool's motion also should be denied because it seeks to enlarge the issues in this case, which an intervenor may not do.[1] "[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." Vinson v. Washington Gas Light Co., 321 U.S. 489, 498 (1944); see also Laizhou Auto Brake Equip. Co. v. United States, 477 F. Supp. 2d 1298, 1299-1301 (Ct. Int'l Trade 2007). In other words, an intervenor's role here is limited to supporting the plaintiff in asserting its own claims for relief. Laizhou, 477 F. Supp. 2d at 1299-1301, Torrington Co. v. United States, 731 F. Supp. 1073, 1076 (Ct. Int'l Trade 1990) (rejecting intervenor's claims as "clearly beyond the scope of the original litigation"); Nat'l Ass'n of Mirror Mfrs. v. United States, 670 F. Supp. 1013, 1015 (Ct. Int'l Trade 1987) (rejecting intervenor's claims because they would "unduly enlarge the pleadings"); cf Silver Reed Am,, Inc. v. United States, 600 F. Supp. 846, 851-52 (Ct. Int'l Trade 1984) (allowing permissive intervention where plaintiff-intervenor's purpose was not to set aside the results of litigation or raise a new issue, and "seeing no prejudice" to the parties if plaintiff-intervenors were to seek an injunction); but see NSK Corp. v. United States, 547 F. Supp. 2d 1312 (Ct. Int'l Trade 2008).

In this respect, the Court's recent decision in Laizhou is instructive. Similar to the pending case, the plaintiff-intervenor in Laizhou, a Chinese exporter, sought intervention to

---

[1] As noted above, Whirlpool filed a summons but has not filed a complaint. Because Whirlpool lacked standing and failed to exhaust any issue below, we likely would file a motion to dismiss any complaint filed by Whirlpool.

4

challenge the final results of an administrative review and obtain a preliminary injunction enjoining liquidation of its entries pending judicial review. Id. at 1299. The Court held that the exporter's attempt to piggyback on the original timely filed complaint to protect its distinct entries impermissibly expanded the subject matter of the action "'clearly beyond the scope of the original litigation.'" Id. at 1300-1301 (citing Torrington, 731 F. Supp. at 1076).

As in Laizhou, here, Whirlpool seeks intervention to enjoin liquidation with respect to its own entries, which are not the subject of the complaint brought by plaintiff in this case. See Mot. at 3-4 (arguing that it is seeking to avoid "the unrecoverable loss of wrongfully assessed antidumping duties paid on the liquidated entries"). In seeking injunctive relief to ensure continued suspension of liquidation for entries exported by LG Chem and imported by Whirlpool, Whirlpool impermissibly seeks to enlarge the jurisdiction of the Court in this case.

Whirlpool relies upon NSK Corp., 547 F. Supp. 2d 1312, to contend that an intervenor may obtain a preliminary injunction to suspend liquidation of its own entries during the pendency of judicial review. Mot. at 6. We respectfully disagree with the decision in NSK. The Court should apply the cases cited above, notable Laizhou, to our case.

Also undermining Whirlpool's efforts to obtain injunctive relief is Rule 56.2(a) of this Court, which mandates that "[a]ny motion for a preliminary injunction to enjoin the liquidation of entries that are the subject of the action shall be filed by a party to the action within 30 days after the date of service of the complaint or at such later time, for good cause shown." Accordingly, the Rule recognizes that the Court will only exercise its authority to issue injunctions with respect to "entries that are the subject of the action." Here, plaintiff's complaint did not seek nor contemplate the equitable relief currently being sought by Whirlpool.

Congress authorized the Court to "enjoin the liquidation of some or all entries of merchandise covered by a determination of the Secretary, the administering authority, or the Commission, upon a request by an interested party for such relief and a proper showing that the requested relief should be granted under the circumstances." 19 U.S.C. § 1516a(c)(2). Under the "circumstances" here, the Court should adhere to Rule 56.2(a) and limit the scope of any injunction to entries of subject merchandise manufactured or exported by the plaintiff.

## **CONCLUSION**

For these reasons, we respectfully request that the Court deny Whirlpool's motion for temporary restraining order and preliminary injunction.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

| | |
|---|---|
| OF COUNSEL: | /s Claudia Burke |
| DANIEL J. CALHOUN | CLAUDIA BURKE |
| Attorney-International | Senior Trial Counsel |
| Office of Chief Counsel for | L. MISHA PREHEIM |
| Import Administration | Trial Attorney |
| U.S. Department of Commerce | Department of Justice |
| Washington, D.C. | Civil Division |
| | Commercial Litigation Branch |
| | 1000 L Street, NW |
| | Attn: Classification Unit, 8th Floor |
| | Washington, DC 20530 |
| | Tel: (202) 305-3087 |
| | Fax: (202) 353-7988 |
| May 4, 2009 | Attorneys for Defendant |

CERTIFICATE OF SERVICE

I hereby declare that on the 4th day of May, 2009, I caused to be served copies of "DEFENDANT'S RESPONSE TO WHIRLPOOL CORPORATION'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION" in the following manner addressed as follows:

By First-Class Mail

Donald B. Cameron, Esq.
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, DC 20004-2134
Phone/Fax: 202-274-2950 / 202-654-5678

William R. Rucker, Esq.
Drinker Biddle & Reath, LLP
191 N. Wacker Drive, Suite 3700
Chicago, Illinois 606060-1698
Phone/Fax: 312-569-1157 / 312-569-3172

Jeffrey D. Gerrish, Esq.
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, NW.
Washington , DC 20005
Phone/Fax: 202-371-7381 / 202-661-9181

Timothy C. Brightbill
Wiley Rein LLP
1776 K Street NW
Washington , DC 20006
Phone/Fax: 202-719-3138 / 202-719-7049

/s Claudia Burke